IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON,<br><br>    Plaintiff,<br><br>vs.<br><br>STARNES, ET AL.,<br><br>    Defendants. | CV-25-6-M-BMM<br><br>ORDER |

Plaintiff Kermit Ty Poulson, proceeding without counsel, filed a *Bivens* Complaint regarding his current criminal prosecution. (Doc. 2.) The Complaint fails to state a claim for relief for two independent reasons and is dismissed.

Poulson is currently a defendant in a criminal action in the District of Montana. *U.S. v. Poulson*, CR 23-56-M-DLC. The claims in his Complaint arise entirely out of the indictment entered in his criminal case, and the evidence used to obtain the indictment. (Doc. 2 at 4 – 5.) The Complaint fails to state a claim.

First, Poulson has named only immune defendants. (Doc. 2 at 2 – 3.) Prosecutors, judges, and grand jurors are all immune from civil liability for the actions taken when undertaking their duties. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th Cir. 2012) (prosecutors are immune); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (judges are immune);

1

*Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976) (grand jurors are immune). Poulson has named no defendant who is liable for any violation of his rights.

Second, this Court cannot hear a civil claim related to Poulson's ongoing criminal prosecution. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. *Id* at 486 - 87. Though *Heck* involved a claim under 42 U.S.C. § 1983, and Poulson has brought a *Bivens* action, "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens.*" *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). Any claim Poulson has about the conduct of his ongoing prosecution must be raised in that proceeding or on appeal.

Accordingly, IT IS HEREBY ORDERED:

1. The Clerk of Court is directed to close this case and enter judgment.

2. The Clerk of Court is directed to have the docket reflect that the filing of this action is a strike against Poulson within the meaning of 28 U.S.C. § 1915A. Any appeal would not be taken in good faith.

3.  The Clerk of Court shall provide a copy of this Order to Poulson's attorney in his ongoing criminal matter.

DATED this 5th day of March, 2025.

Brian Morris, Chief District Judge
United States District Courts